IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER E. MARTIN, SR., ) | |
|     Plaintiff ) | C.A. No. 05-34 Johnstown |
| ) | |
|     v. ) | District Judge McLaughlin |
| ) | Magistrate Judge Baxter |
| OFFICER MACKEL, ) | |
|     Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that Defendant's Motion to Dismiss [Document # 10] be granted.

**II.    REPORT**

    **A.    Relevant Procedural and Factual History**

On March 30, 2005, Plaintiff Walter E. Martin, Sr., an inmate incarcerated at the State Correctional Institution at Somerset, Pennsylvania ("SCI-Somerset"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Officer Mackel. In particular, Plaintiff claims that, on December 20, 2004, Defendant stood and watched Plaintiff take a shower and verbally harassed him. As relief, Plaintiff seeks injunctive relief to "stop getting harassed by these [sic] officer." (See Document # 7, Complaint, Section VI).

Defendant has filed a motion to dismiss Plaintiff's Complaint for failure to state a claim. [Document # 10]. Despite being given the opportunity to do so, Plaintiff has failed to file a response to Defendant's motion. This matter is now ripe for consideration.

**B.     Standard of Review**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe

all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C.    Discussion

Plaintiff essentially alleges that Defendant verbally harassed him while he was standing in the shower. Assuming this claim is true, it is well-settled that the use of words, no matter how violent, is not actionable under 42 U.S.C. § 1983. See Wright v. O'Hara, 2004 WL 1793018 at *7 (E.D.Pa. Aug. 11, 2004)("[w]here plaintiff has not been physically assaulted, defendant's words and gestures alone are not of constitutional merit")(citations omitted); MacLean v. Secor, 876 F.Supp. 695, 698-99 (E.D.Pa. 1995)("[i]t is well-established that verbal harassment or threats ... will not, without some reinforcing act accompanying them, state a constitutional claim"); Murray v. Woodburn, 809, F.Supp. 383, 384 (E.D.Pa. 1993)("Mean harassment ... is insufficient to state a constitutional deprivation")(listing cases). Thus, Plaintiff's allegation of verbal harassment does not amount to a constitutional violation and should be dismissed for failing to state a claim upon which relief may be granted.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss [Document # 10] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond

thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge

Dated: September 14, 2005

cc:     The Honorable Sean J. McLaughlin
        United States District Judge